UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10599-RGS

FRANCIS OBIORA ENWONWU

v.

DEPARTMENT OF HOMELAND SECURITY
INS CONTRACTED (ICE) CONDITIONS WITH
BRISTOL COUNTY SHERIFF'S OFFICE,
SOUTH BAY BOSTON/PLYMOUTH COUNTY JAIL

MEMORANDUM AND ORDER ON
MOTION TO REOPEN CASE

June 27, 2019

STEARNS, D.J.

Before the Court is Francis Enwonwu's motion to reopen this case (Dkt #10) and motion to proceed in this action (Dkt #12). In response to the court's May 22, 2019 Order, Enwonwu has elected to pay the $400 filing fee rather than seek leave to proceed *in forma pauperis*. *See* May 22, 2019 Order, Dkt #11; Receipt of Payment, Dkt #13. Notwithstanding, the court has the inherent authority to screen and, if appropriate, dismiss this action. *See e.g. Mallard v. United States Dist. Court for the S. Dist. of Iowa,* 490 U.S. 296, 307-308 (1989); *Cox v. Rushie*, 2013 WL 3197655, at *4 (D. Mass. June 18, 2013) (Saris, Ch. J.); *Carlsen v. Carlsen*, 2011 WL 2632260, at *1 (D. Mass. July 1, 2011) (Wolf, J.); *Cimini v. Massachusetts*, 2011 WL 2119192,

at *6 (D. Mass. May 25, 2011) (O'Toole, J.). A review of the complaint reveals a narrative list of conclusory and cobbled-together legal claims, statutory citations, and case citations, without factual detail. The only facts are references to "numerous practical jokes," without attribution after an alleged attempted rape by inmates at South Bay on October 18, 2018. On December 27, 2018, Enwonwu was placed on suicide watch. Compl. at 2. In its current form, the complaint is otherwise unintelligible and without supporting facts fails to meet basic pleading requirements. Plainly put, the complaint fails to provide adequate information for the defendants to respond. Rather than dismiss this action, however, Enwonwu will be provided an opportunity to amend his complaint.

The amended complaint must include, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This statement must "give [each] defendant fair notice of what [Enwonwu's] claim is and the grounds upon which it rests," *Rivera v. Rhode Island*, 402 F.3d 27, 33 (1st Cir. 2005) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)), such that each defendant is afforded a "meaningful opportunity to mount a defense." *Díaz-Rivera v. Rivera-Rodríguez,* 377 F.3d 119, 123 (1st Cir. 2004) (quoting *Rodríguez v. Doral Mortgage Corp.*, 57 F.3d 1168, 1172 (1st Cir. 1995)). The amended

complaint "should at least set forth minimal facts as to who did what to whom, when, where, and why." *Educadores PuertorriqueZos en Acción v. Hernandez*, 367 F.3d 61, 68 (1st Cir. 2004). Although "the requirements of Rule 8(a)(2) are minimal . . . 'minimal requirements are not tantamount to nonexistent requirements.'" *Id.* (quoting *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir. 1988)). While Rule 8 "does not require detailed factual allegations . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quotations omitted). An amended complaint "that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quotations omitted). "Nor does [an amended] complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (quotations omitted).

Accordingly, Enwonwu has leave to file an amended complaint, but he must do so by **July 31, 2019**. The amended complaint must clearly identify the claims and relief that Enwonwu seeks as to each defendant and provide a sufficient factual basis for each of the elements of the claims that he asserts. The court also notes that the "[t]he title of the [amended] complaint must name all the parties," Fed. R. Civ. P. 10(a), and, his claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of

3

circumstances." Fed. R. Civ. P. 10(b). To promote clarity, "each claim founded on a separate transaction or occurrence, . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). While the amended complaint may include exhibits that are relevant to his claims, see Fed. R. Civ. P. 10(c), use of exhibits does not excuse Enwonwu of his responsibility to clearly set forth the relevant allegations in the body of the amended complaint. Because an amended complaint completely supersedes the original complaint, and is a stand-alone document, Enwonwu should repeat in his amended complaint any allegations from the original complaint that he wishes to be part of this lawsuit. *See Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). He may not, for example, incorporate by reference allegations from prior the complaint into the amended complaint.

Accordingly, for the reasons stated above, it is hereby <u>ORDERED</u> that:

1. Enwonwu's motion to reopen the action (Dkt. #10) is <u>ALLOWED</u> and Clerk will reopen this case.

2. Similarly, Enwonwu's motion to proceed (Dkt #12) is <u>ALLOWED</u>.

3. Enwonwu shall, by **July 31, 2019,** file an amended complaint that complies with the basic pleading requirements of the Federal Rules of

Civil Procedure as set forth in this Memorandum and Order. Failure to timely file an amended complaint will result in dismissal of this action.

4. Summonses shall not issue pending further order of the court.

SO ORDERED.

/s/ Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE