UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10599-RGS

FRANCIS OBIORA ENWONWU

v.

DEPARTMENT OF HOMELAND SECURITY
INS CONTRACTED (ICE) CONDITIONS WITH
BRISTOL COUNTY SHERIFF'S OFFICE, and
SOUTH BAY BOSTON/PLYMOUTH COUNTY JAIL

MEMORANDUM AND ORDER

August 29, 2019

STEARNS, D.J.

Plaintiff Francis Enwonwu has been in immigration detention since 2017. Before the court is Enwonwu's Amended Complaint (Dkt #16) (filed in response to the court's June 27, 2019 Memorandum and Order (Dkt #14)). Enwonwu's Amended Complaint names as defendants a federal agency, three county jails, numerous individual federal and state officials, a prison medical staff member, and an immigration detainee. The Amended Complaint consists of two documents: one that contains "facts for amended complaint," and a companion document designated as a "summary of facts for each of the elements to claims asserted." (Dkt #16-1). The Amended Complaint also includes exhibits. (Dkt #16-2).

Notwithstanding his revisions, the Amended Complaint fails to comply with basic pleading requirements of the Federal Rules of Civil Procedure. Specifically, Enwonwu neglects to associate factual allegations and "a short and plain statement of his claim[s]" to particular defendants, along with "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2) and (3). Additionally, the court previously directed Enwonwu to employ separate counts for each of his claims. This requirement is imposed to assist defendants in responding to any allegations and claims against them.

The court will provide Enwonwu a final opportunity to repair his complaint. Enwonwu must, as to *each* defendant, state plausible factual allegations: (1) as to what that particular defendant did or failed to do, (2) where and when such actions or inactions occurred, (3) how each act or failure to act caused injury to Enwonwu; and (4) what relief he seeks. The court also notes that the "[t]he title of the [Second Amended] complaint must name all the parties," Fed. R. Civ. P. 10(a), and, his claims must be set forth "in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). To promote clarity, "each claim founded on a separate transaction or occurrence, . . . must be stated in a separate count." Fed. R. Civ. P. 10(b). While Enwonwu may include exhibits that are relevant to his claims, *see* Fed. R. Civ. P. 10(c), they are not required,

and any inclusion of exhibits does not excuse Enwonwu of his responsibility to clearly set forth the full and plausible allegations in the body of the Second Amended Complaint. Because an amended complaint completely supersedes the prior complaint and is a stand-alone document, Enwonwu must repeat in his Second Amended Complaint any allegations from the amended complaint that he wishes to be part of this lawsuit. *See Connectu LLC v. Zuckerberg,* 522 F.3d 82, 91 (1st Cir. 2008) (A plaintiff may not incorporate by reference allegations from prior complaint into an amended complaint).

For the reasons stated above, it is hereby ORDERED that:

Enwonwu shall, by **September 30, 2019,** file a Second Amended Complaint that complies with the basic pleading requirements articulated in this Order. Failure to timely file a Second Amended Complaint will result in dismissal of this action. The Clerk shall not issue summonses pending further Order of the court.

SO ORDERED.

/s/Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE