UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 19-10599-RGS

FRANCIS OBIORA ENWONWU

v.

DEPARTMENT OF HOMELAND SECURITY
ICE CONTRACTED (YOLANDA MARFISSI, JENNIFER HOOD, ROBERT MCNEICE, WILLIAM CHAMBERS, LARRY DOMES) CONDITIONS WITH BRISTOL COUNTY SHERIFF'S OFFICE (SHERIFF THOMAS HODGSON, MAUREEN ATKINS, LIEUTENANT BARRY FERREIRA, OFFICER ASHWOOD, OFFICER JORDAN, OFFICER SOUSA, OFFICER SAURETTE, OFFICER GOSSON, DISCIPLINARY OFFICER TODD BERRIERA, LIUETENANT DUARTE, MAJOR BULGER, OFFICER LINCOLN, OFFICER VARELA, COLONEL JAMES LANCASTER) SUFFOLK COUNTY SHERIFF'S OFFICERS (SEAN PUGSLEY, LIEUTENANT ROSS, DANA JOHNSON, LIEUTENANT LOPEZ) PLYMOUTH COUNTY SHERRIFF OFFICERS SHERIFF JOSEPH MCDONALD, ADS GAVONI

ORDER DISMISSING COMPLAINT

December 16, 2019

STEARNS, D.J.

This action is hereby <u>DISMISSED</u> without prejudice for plaintiff Franics Obiora Enwonwu's failure to comply with the court's November 12, 2019 Order. *See* Dkt. #24. In an August 29, 2019 Order, the court advised Enwonwu that his Complaint violated Rule 8 and directed him to employ separate counts for each occurrence and claim – that "each claim [must be]

founded on a separate transaction." Dkt #17 at 2. The court warned Enwonwu that this was his "final opportunity to repair his Complaint."

Notwithstanding, on November 12, 2019, the court afforded Enwonwu yet another chance to file a viable complaint – again advising him that he could not indiscriminately mix events and unrelated defendants. The court culled out six portions of the Complaint that it would permit him to file as an independent pleading. The court directed Enwonwu to select and file **one** of the six and the case would proceed from there (without taking a position on the merits of the claim or remaining complaints, and advising Enwonwu that he would have to initiate separate actions for any other suits he chose to pursue). *Id.* Enwonwu was warned that failure to comply with the Order "will result in dismissal of this action." Dkt #24 at 3.

Instead, on December 2, 2019, Enwonwu filed another jumble of events and players in an unordered pleading. "Despite the broad language of Rule 18(a), plaintiff may join multiple defendants in a single action only if plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 Charles Alan Wright, Federal Practice and Procedure § 1655 (3d ed. 2009). *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Spencer v. Bender*, 2010 WL 1740957, at *2 (D. Mass. Apr. 28, 2010)

("Rule 18(a) permits multiple claims against a single party, but it does not permit the joinder of unrelated claims against different defendants."). Plainly put and repeatedly warned, Enwonwu might have claims against some or all of these parties, but he must state the claims more plainly and he may not join all these defendants in the same lawsuit.

Accordingly, the court dismisses this action without prejudice for failing to comply with its November 12, 2019 Order. The Clerk is directed to enter a separate Order of Dismissal.

SO ORDERED.

   /s/Richard G. Stearns_____
UNITED STATES DISTRICT JUDGE